UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br><br>    Plaintiff,<br><br>v.<br><br>VALLEY MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 5:16-cv-07000-EJD<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

On December 20, 2016, Magistrate Judge Nathanael Cousins granted Plaintiff Melina Razavi's ("Plaintiff") application to proceed in forma pauperis ("IFP") but dismissed her letter complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff subsequently filed a First Amended Complaint ("FAC") in response to Judge Cousins' order on January 3, 2017, against Defendant Valley Medical Center ("Defendant"), which pleading is now before the undersigned. Dkt. Nos. 9, 10.

Given Plaintiff's IFP status, the court again reviews the FAC pursuant § 1915(e)(2) and dismisses it with leave to amend in part for the reasons explained below.

## II. LEGAL STANDARD

Pursuant to § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S.

25, 34 (1992).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); see Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). At the same time, however, dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Indeed, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Legal conclusions without facts to support them will not do; the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Furthermore, where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick, 213 F.3d at 447. But while the standard for review is liberal, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

Because Plaintiff alleges that subject matter jurisdiction arises on the basis of a federal question, the court begins with an examination of the two federal causes of action asserted in the FAC.

#### A. Americans with Disabilities Act ("ADA")

In the first cause of action, Plaintiff alleges Defendant violated the ADA by refusing to treat her for injuries she sustained during a car accident, refusing to provide her with a wheelchair, discharging her before she was stabilized, and refusing to transport her to the curbside after she was discharged. Although the exact legal authority supporting this cause of action is unspecified

in the FAC, the fact that Defendant is a public entity[1] means that only Title II of the ADA - not Title III - can apply. See Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015) ("The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111-12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131-12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181-12189, covers discrimination in public accommodations and services operated by private entities."); see also Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 872 (9th Cir. 2004) (citing 42 U.S.C. §§ 12181(6), 12131(1)).

To state a claim under Title II of the ADA, a plaintiff must allege that: "(1) [she] is an individual with a disability; (2) [she] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) [she] was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of [her] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). For compensatory damages under Title II, a plaintiff must establish the defendant acted with discriminatory intent or deliberate indifference. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001). For injunctive relief, a plaintiff "must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." Midgett v. Tri-County Metro. Transp. Dist. of Oregon, 254 F.3d 846, 851 (9th Cir. 2001).

Here, the FAC does not contain sufficient factual content to satisfy the elements of a Title II claim, even if liberally construed. Assuming Plaintiff is an individual with a disability under the statute because of complications from a stroke, she has not alleged why she was qualified to receive any benefit from Defendant. See 42 U.S.C. § 12131(2) (defining "qualified individual with a disability" as "an individual with a disability who . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a

---

[1] The court takes judicial notice of Chapter 1, Article 3, of the Santa Clara County Code which applies to the administration of Defendant.

public entity"). Furthermore, Plaintiff has not plausibly alleged that Defendant failed to accommodate her *because of* her disability, as opposed to other reasons. Indeed, Plaintiff's original letter complaint contains a series of alleged explanations for the treatment she received by Defendant, none of which are based on any disability stemming from a stroke.

Moreover, Plaintiff has not alleged sufficient facts to qualify for compensatory damages. Because the FAC does not establish that Plaintiff was mistreated because of her disability, it likewise does not establish intentional discrimination. Nor do the allegations establish that Defendant acted with deliberate indifference; nothing suggests Defendant was even aware that Plaintiff was disabled as opposed to injured in a car accident. Duvall, 260 F.3d at 1139 ("Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.").

Similarly, the FAC does not provide a basis for injunctive relief. The allegations do not establish a "real or immediate threat of substantial or irreparable injury" to Plaintiff. Midgett, 254 F.3d at 850. The superficial allegation that Plaintiff is dissuaded from returning to Defendant is not enough under these circumstances, since this is a Title II claim and Defendant is a government agency. Id.

For these reasons, the court concludes that Plaintiff has failed to state a claim under the ADA in the FAC. The first cause of action will be dismissed.

**B.   The Health Insurance Portability and Accountability Act of 1996 ("HIPAA")**

In the third cause of action, Plaintiff alleges Defendant violated HIPAA by falsely stating in her medical records that she was suffering from a "fall," and was insured as a "juvenile prisoner." But no matter the allegations, Plaintiff cannot bring a claim under HIPAA as a matter of law. Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) (citing Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)). This cause of action must therefore be dismissed.

**C.   State-Law Claims**

What remains are three causes of action based in California state law.

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Since the court has determined that all of Plaintiff's federal causes of action will be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claims. These claims will also be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

## IV.  ORDER

Based on the foregoing, the FAC is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The cause of action for violation of HIPAA is DISMISSED WITHOUT LEAVE TO AMEND. All other causes of action are DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **January 27, 2017**, and must be consistent with the above discussion. Plaintiff should observe the court has only permitted her to amend certain causes of action previously asserted in the FAC; she may not assert new causes of action or add new defendants without obtaining leave of court to do so in advance.

Plaintiff is advised the court will dismiss this action without further notice if an amended complaint is not filed by the designated deadline. Plaintiff is further notified the court will review any amended complaint pursuant to § 1915(e)(2).

In addition, because Plaintiff has now filed several lawsuits with similar allegations against various defendants, Plaintiff is reminded of her obligations under Federal Rule of Civil Procedure 11. By signing an amended complaint, Plaintiff certifies she has made reasonable inquiry and has

evidentiary support for her allegations. In particular, Plaintiff must abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Violation of Rule 11 may result in sanctions sufficient to deter repetition of offensive conduct, including a finding that Plaintiff is a vexatious litigant and the imposition of a pre-filing restriction.

**IT IS SO ORDERED.**

Dated: January 6, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-07000-EJD
ORDER DISMISSING FIRST AMENDED COMPLAINT

6