UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MELINA RAZAVI,

           Plaintiff,

    v.

VALLEY MEDICAL CENTER, et al.,

           Defendants.

Case No. 5:16-cv-07000-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 18

Serial Plaintiff Melina Razavi[1] ("Plaintiff") brings the instant action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., along with other state-law claims against Defendant Valley Medical Center (the "Hospital"). Federal jurisdiction arises under 28 U.S.C. § 1331, and presently before the court is the Hospital's Motion to Dismiss. Dkt. No. 18. Plaintiff opposes.

Because the third iteration of the ADA claim still does not plausibly establish all of the requisite elements, the Motion to Dismiss will be granted for the reasons explained below.

## I. BACKGROUND

Plaintiff alleges she suffered a stroke several years ago and is permanently disabled. SAC, at ¶ 11. Plaintiff is "unable to care for herself or attend to many of her daily needs." Id.

The Hospital "offers medical care to the general public" through the County of Santa Clara. SAC, at ¶¶ 7, 9. On or about December 2, 2014, Plaintiff was "within and about" the

---

[1] Plaintiff has filed the following federal lawsuits since 2015 in addition to the instant action: 4:15-cv-04353-KAW; 5:15-cv-02574-EJD; 5:15-cv-04740-NC; 5:16-cv-01388-BLF; 5:16-cv-04119-EJD; 5:16-cv-04969-EJD; 5:16-cv-05140-EJD; 3:17-cv-00717-JST; 5:17-cv-02088-EJD; and 5:17-cv-04341-BLF.

Hospital, suffering from "traumatic injuries, including bleeding from her major body parts and orifices, uterus, urinary, rectum, nose and mouth, and suffered from concussion, shock, distress, pain, and injuries to her head, neck and back." Id. at ¶ 12. According to Plaintiff, personnel at the Hospital "falsely stated" in her medical records that she was suffering from a "fall" rather than from the effects of a car accident. Id. at ¶ 13. On that basis, Plaintiff alleges the personnel refused to treat her injuries and discharged her prematurely, refused to provide her with a wheelchair while she was at the Hospital, and refused to transport her to the curbside after she was discharged. Id. at ¶¶ 14-17.

Plaintiff filed a letter on December 6, 2016, which the court construed as a complaint and dismissed with leave to amend under a 28 U.S.C. § 1915 review. Dkt. Nos. 1, 5. Plaintiff then filed a First Amended Complaint, which the court again dismissed under § 1915. Dkt. Nos. 10, 11. Plaintiff filed the SAC on January 27, 2017, asserting the following claims: (1) negligence, (2) violation of the ADA, (3) fraud, and (4) conspiracy. This motion followed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014)

(providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

## III. DISCUSSION

The court first takes up the sole federal claim asserted in the SAC. Doing so proves dispositive.

### A. Governing Authority

The court previously determined that Plaintiff's ADA claim arises under Title II rather than Title III because the Hospital is an arm of the county. Dkt. No. 11, at 2:27-3:8 (citing Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 872 (9th Cir. 2004)). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Like the ADA's other titles, Title II's aim is to eliminate the "unjustified segregation and isolation of disabled persons." Townsend v. Quasim, 328 F.3d 511, 516-17 (9th Cir. 2003). Its implementing regulations require a public entity to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified persons with disabilities," and to "make reasonable modifications in policies, practices, or procedure when the modifications are necessary to avoid discrimination on the basis of disability" unless the modifications would fundamentally alter the nature of a service, program, or activity. 28 C.F.R. §§ 35.130(b)(7), (d).

To state a claim under Title II of the ADA, a plaintiff must allege that: "(1) [she] is an

individual with a disability; (2) [she] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) [she] was either excluded from participation in or denied the benefits of the public entity's services . . . or was otherwise discriminated against by the public entity; and (4) such exclusion, denial . . . or discrimination was by reason of [her] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

For compensatory damages under Title II, a plaintiff must establish the defendant acted with discriminatory intent or deliberate indifference. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001). For injunctive relief, a plaintiff "must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." Midgett v. Tri-County Metro. Transp. Dist. of Oregon, 254 F.3d 846, 851 (9th Cir. 2001).

## B. Application to the SAC

In support of the Title II claim, Plaintiff alleges facts in addition to those already recited above. To that end, Plaintiff states she sought medical treatment from the Hospital following the car accident, and that the Hospital was aware of her "permanent disabilities" because she was treated there previously. SAC, at ¶ 32. She alleges her disabilities "were exacerbated and made more acute" as a result of the car accident, that she was "disabled due to paralysis of the car accident," and that the Hospital's staff "could see she couldn't get out of bed or get up by herself." Id. at ¶¶ 33, 34. Plaintiff further alleges a doctor, Michael Jones, noted Plaintiff could not get up, told Plaintiff she was "very consistent," and said that "after an accident paralysis happens and muscles press on nerves so hard that patient can't move by herself." Id. at ¶ 34. Plaintiff surmises the Hospital should have provided a wheelchair" because she "had loss of consciousness." Id. at ¶ 35.

Plaintiff contends the Hospital's personnel "informally 'flagged' her in-house file falsely accusing her as being a 'medication addict', . . . and they had also falsely accused her that her injuries and disabilities were 'All in her head!'" and that she would come to the Hospital without a need for treatment, on an emergency basis or otherwise. Id. at ¶ 37. Plaintiff declares:

Due to this improper flagging, [the Hospital's] personnel refused to

> treat [Plaintiff] for her injuries or for the symptoms of her disability that had become worse as a result of the car accident. Instead, [the Hospital's] personnel improperly maintained that [Plaintiff] did not require treatment at that time and sought to discharge her.

Id. at ¶ 38.

Focusing in on Title II's causation element, the Hospital argues these allegations fail to state a claim because they describe purportedly inadequate medical care rather than disability discrimination in public services. In other words, the Hospital contends the SAC does not demonstrate that Plaintiff was allegedly denied medical care *because of* her disability, but for other reasons. The court must agree.

Importantly, Title II's causation element emphasizes that "a plaintiff proceeding under Title II of the ADA must, similar to a Section 504[2] plaintiff, prove that the exclusion from participation in the program was 'solely by reason of disability'" (Weinreich v. L.A. Cty. Metro. Transp. Auth., 114 F.3d 976, 978-79 (9th Cir. 1997) (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)), or in a mixed-motive case, "that discrimination on the basis of disability was a 'motivating factor' for the decision (Marin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1048 (9th Cir. 2009)).

Viewed under either standard, and assuming Plaintiff has identified qualifying disability due to a stroke, the SAC does not plausibly establish that the Hospital declined Plaintiff treatment by reason of her disability. To the contrary, the SAC explicitly provides that the Hospital denied Plaintiff care and discharged her because its personnel perceived Plaintiff *did not* have a qualifying disability, or any injury, for that matter. As noted, Plaintiff alleges the Hospital's personnel either "flagged" her as a medication addict (SAC, at ¶¶ 37-38), believed she was malingering (SAC, at ¶ 37), or was suffering from a "fall" rather than from the effects of a car accident (SAC, at ¶ 13). Indeed, Plaintiff unequivocally alleges that due to "improper flagging," she was refused treatment for her injuries or the symptoms of her disability. That sort of exclusion from services is not "based on the fact or perception that [Plaintiff] has a disability," and therefore

---

[2] This reference is to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

Case No.: 5:16-cv-07000-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

does not constitute discrimination in violation of Title II, even if one doctor agreed she was experiencing symptoms of paralysis. <u>Weinreich</u>, 114 F.3d at 979.

In sum, the SAC's allegations expressly disclaim the possibly that the Hospital neglected to reasonably accommodate Plaintiff based on a disability, and Title II does not mandate public entities provide medical treatment for a disability or other injuries. Plaintiff's Title II claim must be dismissed.

### C. Leave to Amend

The court must now decide whether Plaintiff should be permitted leave to amend her Title II claim for a third time. Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir. 1994). Leave to amend may also be denied for "failure to cure deficiencies by amendments previously allowed." <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008).

Here, Plaintiff was previously advised that a complaint must contain a short and plain statement of her claims under Rule 8. Dkt. No. 5. Plaintiff was also specifically advised of the elements necessary to plead a Title II claim, as was notified of the causation deficiency presented by her factual allegations - which largely remain unchanged from the preceding complaint. Dkt. No. 11, at 4:1-4 ("Furthermore, Plaintiff has not plausibly alleged that Defendant failed to accommodate her because of her disability, as opposed to other reasons. Indeed, Plaintiff's original letter complaint contains a series of alleged explanations for the treatment she received by Defendant, none of which are based on any disability stemming from a stroke.").

Plaintiff has failed to remedy the deficient allegations after two opportunities. Thus, the court finds that permitting further amendment would be futile at this point, and will dismiss the Title II claim without leave to amend.

Case No.: 5:16-cv-07000-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**D.    State Law Claims**

Plaintiff re-pled claims under state law after they were dismissed without prejudice for lack of subject matter jurisdiction.  Since her sole federal claim will again be dismissed, the court will also dismiss the state-law claims without prejudice.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

**IV.    ORDER**

Based on the foregoing, the Motion to Dismiss (Dkt. No. 18) is GRANTED.  The Title II claim is DISMISSED WITHOUT LEAVE TO AMEND.  All other claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered in favor of the Hospital and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  October 19, 2017

_____
EDWARD J. DAVILA
United States District Judge